UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. EP-21-CR-1549-DB |
| | § | |
| RICARDO ROBLES | § | |
| | § | |
| Defendant. | § | |

## UNITED STATES' MOTION FOR HEARING

The United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, hereby files its Motion For Hearing pursuant to the Supreme Court of the United States' guidance in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

**I.     BACKGROUND**

On September 15, 2021, a Grand Jury sitting in the Western District of Texas handed down a twenty-two count Indictment charging Defendant, Ricardo Robles, with one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§1343 & 1349, and twenty-one counts of Wire Fraud, in violation of 18 U.S.C. §1343. This case is set for jury selection and trial on December 6, 2022.

On July 1, 2021, the United States offered Defendant a plea agreement in which Defendant would plead guilty to Count One of the Indictment. The United States now seeks a hearing to place the Government's offer of said plea agreement on the record. *See generally Frye*, 132 S. Ct. at 1399; *Lafler*, 132 S. Ct. at 1376.

## II. ARGUMENT

The Supreme Court of the United States has indicated that a formal plea offer may be put on the record before a trial to ensure that a defendant is advised of the plea offer and is aware of the consequences of rejecting the offer. *See Frye*, 132 S. Ct. at 1399; *Lafler*, 132 S. Ct. at 1376. Both *Frye* and *Lafler* deal with ineffective assistance of counsel claims predicated on failures of counsel to communicate the existence or import of plea deals offered by the prosecution. *Frye* confirmed that the Sixth Amendment right to the effective assistance of counsel applies to the negotiations surrounding lapsed or rejected plea offers. *Frye*, 132 S. Ct. at 1407-1408. In *Lafler*, decided the same day as *Frye*, the Supreme Court held that a defendant who turned down a favorable plea offer because defendant received incorrect legal advice from his attorney may maintain a claim for ineffective assistance of counsel. *See Lafler*, 132 S. Ct. at 1385.

The United States now seeks to place on the record the fact of the United States' plea offer to guard against any potential future claim that the plea offer was not clearly communicated to Defendant prior to trial. Such relief is consistent with the Supreme Court's suggestion in *Frye* that "formal [plea] offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those proceedings commence." *See Frye*, 132 S. Ct. at 1408-1409.

Through this request, the United States neither seeks to inquire, nor to have the Court inquire, into attorney-client communications between the Defendant and Defendant's counsel. The United States, moreover, does not, by the filing of this Motion, suggest in any way that defense counsel Felix Valenzuela has acted outside the norms of Counsel's professional responsibilities. Furthermore, the United States does not make this Motion to improperly involve

the Court in plea negotiations. Rather, making the United States' plea offer and Defendant's rejection of said offer part of the record will ensure that Defendant has been fully advised of the plea offer, has had an opportunity to discuss the offer with defense counsel, and understands the consequences of rejecting the offer.

## III. CONCLUSION

WHEREFORE, premises considered, the United States requests that the instant Motion be granted. The Government recognizes that scheduling is at the Court's discretion, and therefore request the Court set a *Frye* hearing at the Court's earliest convenience.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By: /s/ Michael M. Osterberg
MICHAEL M. OSTERBERG
Assistant U.S. Attorney
Texas Bar #24108991
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of August, 2022, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participants –

Felix Valenzuela
Counsel for Defendant

_____
MICHAEL M. OSTERBERG
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. EP-21-CR-1549-DB |
| **RICARDO ROBLES** | § § § | |
| Defendant. | § § § § | |

## ORDER

On this day came to be considered the United States' Motion for Hearing in the above-entitled and numbered cause, and the Court having considered the same, is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that a Hearing is set for defendant RICARDO ROBLES, for _____ on ____ day of _____, 2022.

IT IS SO ORDERED.

 

 

DAVID BRIONES
UNITED STATES DISTRICT JUDGE